IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EXCEPTIONAL MARKETING
GROUP, INC.,

   Plaintiff,

    v.

JEFF JONES, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:10-CV-1312-TWT

ORDER

This is an action for breach of contract. It is before the Court on the Plaintiff's Motion to Transfer or, in the Alternative, to Dismiss Without Prejudice [Doc. 66], and the Defendant's Motion for Summary Judgment [Doc. 57]. For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART the Plaintiff's Motion to Transfer or, in the Alternative, to Dismiss Without Prejudice [Doc. 66]. The Court DENIES as moot the Defendant's Motion for Summary Judgment [Doc. 57].

I. Background

The Plaintiff, Exceptional Marketing Group, Inc. ("EMG"), is a Georgia corporation that provides marketing services. From September 2004 until June 2009, Defendant Jeff Jones was employed by EMG as Vice President of Business

Development – Hospitality and Travel. In this position, Jones solicited clients for EMG. Jones resides in Florida. While working for EMG, Jones provided marketing services for Fiesta Americana Hotels and Resorts ("Fiesta"), a hotel chain based in Mexico.

On June 29, 2009, Jones and EMG entered into a written severance agreement. (Compl., Ex. A.) The agreement provided that Jones would not "share trade secrets of the Company with any person or organization," and that Jones would "immediately return all such Company information in your possession." Id. Also, the agreement required Jones "not to solicit the customers of the Company with whom you have been servicing for marketing services for a period of one year from the Effective Date this [sic] letter." Id.

Upon leaving EMG, Jones began working for 89 Degrees, LLC ("89 Degrees"), a marketing company headquartered in Massachusetts. Defendant Thomas Woodside, a Massachusetts resident, was 89 Degrees' Vice President of Business Development – Retail. While working at 89 Degrees, Jones allegedly solicited Fiesta to transfer its marketing business from EMG to 89 Degrees. As a result of this solicitation, Fiesta engaged 89 Degrees to provide marketing services and terminated its relationship with EMG. Also, while working for 89 Degrees, Jones allegedly used an EMG email account to disclose EMG's trade secrets to Woodside and 89 Degrees.

EMG filed this Complaint seeking damages for breach of contract, tortious interference with contract, tortious interference with business relations, violation of the Georgia Trade Secrets Act, O.C.G.A. § 10-1-761 *et seq.,* conversion, violation of the Uniform Deceptive Trade Practices Act, O.C.G.A. § 16-9-120, *et seq.*, and unjust enrichment. The suit was removed to federal court based on diversity of citizenship [see Doc. 1]. See 28 U.S.C. § 1332.

On May 7, 2010, the Defendants moved to dismiss the Plaintiff's claims for lack of personal jurisdiction [see Doc. 2]. See FED. R. CIV. P. 12(b)(2). The Defendants also moved to dismiss EMG's claims for breach of contract, tortious interference with contract, tortious interference with business relations, and unjust enrichment for failure to state a claim. See FED. R. CIV. P. 12(b)(6). On October 22, 2010, the Court dismissed Defendants 89 Degrees and Woodside for lack of personal jurisdiction [see Doc. 15].

On October 26, 2011, the Plaintiff filed another lawsuit against Jones, 89 Degrees, Phillip Hussey, and Woodside in the United States District Court for the District of Massachusetts (the "Massachusetts Action") [see Doc. 66-2]. In the Massachusetts Action, the Plaintiff alleges many of the same facts that form the basis for this action. EMG has also asserted additional causes of action against Jones, 89 Degrees, Hussey, and Woodside.

After discovery was completed, Jones filed a Motion for Summary Judgment [Doc. 57]. In response, EMG has filed a motion to transfer or dismiss the case without prejudice [Doc. 66]. The Plaintiff argues that the case would be more efficiently handled in Massachusetts along with the Massachusetts Action.

## II. Legal Standards

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Traditionally, federal courts accord a plaintiff's choice of forum considerable deference, only disturbing it when it is clearly outweighed by other considerations. Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996); In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989). The three criteria for the Court to consider in ruling on a motion to transfer are: (1) the convenience of the parties; (2) the convenience of witnesses; and (3) the interests of justice. In weighing those criteria, and deciding whether to transfer an action to another district, the district court is vested with broad discretion. England v. ITT Thompson Industries, Inc., 856 F.2d 1518, 1520 (11th Cir. 1988).

### III. Discussion

#### A. Motion to Transfer

The Plaintiff seeks to transfer this case to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1404. Under § 1404, an action may be transferred "[f]or the convenience of parties and witnesses . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

Traditionally, "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996) (quoting Howell v. Tanner, 650 F.2d 613, 616 (11th Cir. 1981)). Here, the Plaintiff is a Georgia corporation. Jones is a Florida resident. Although Jones claims that nonstop flights to Georgia are more convenient, he is the Vice President of 89 Degrees, a Massachusetts company. The Defendant will be forced to travel whether the case is heard in Georgia or Massachusetts. It will not be more inconvenient for Jones to travel to Massachusetts with his current employer. Finally, "the fact that the plaintiff is requesting the transfer can be considered as one factor in favor of allowing a change of venue." Meterlogic, Inc. v. Copier Solutions, Inc., 185 F. Supp. 2d 1292, 1300 (S.D. Fla. 2002). Indeed, in this case, transfer to Massachusetts will be more inconvenient for the Plaintiff than the Defendant. Thus, the convenience of the parties weighs in favor of transfer.

"The convenience of the witnesses is of great importance to the decision to transfer venue from one forum to another, and the focus of the Court should be on the convenience of 'key witnesses.'" Ramsey v. Fox News Network, LLC, 323 F. Supp. 2d 1352, 1356 (N.D. Ga. 2004). Here, as discussed above, Jones is a Florida resident. Although he will likely be a key witness, Jones is Vice President of 89 Degrees, a Massachusetts company. It will therefore not be more inconvenient for Jones to travel to Massachusetts. Further, employees of 89 Degrees, including Woodside and Hussey, are based in Massachusetts. Indeed, only EMG's employees are based in Georgia. "This is not simply a case where the plaintiff, as the party requesting transfer, wishes to shift the inconvenience to the defendants, the parties opposing transfer. Instead, it is the plaintiff[ ] who theoretically would be inconvenienced by the transfer." Meterlogic, 185 F. Supp. 2d at 1301. Thus, "[t]rying this case in [Massachusetts] would not prejudice the [D]efendant[ ] or [his] witnesses in any way. In fact, from the record it appears that it would be more convenient for the [D]efendant[ ] to try this case in [Massachusetts], and they have not shown otherwise." Id.

"The idea behind [28 U.S.C.] § 1404(a) is that where a 'civil action' to vindicate a wrong—however brought in a court—presents issues and requires witnesses that make one District Court more convenient than another, the trial judge

can, after findings, transfer the whole action to the more convenient court." Continental Grain Co. v. Barge FBL–585, 364 U.S. 19, 26 (1960). In Meterlogic, a Florida plaintiff sued several companies and their parent corporations in the Southern District of Florida. The parent corporations, however, were dismissed for lack of personal jurisdiction. The plaintiff then filed a lawsuit against the parent corporations in Missouri district court and moved to transfer the Florida action to Missouri as well. The court transferred the case, reasoning that "trying this case in two separate district courts would 'lead to the wastefulness of time, energy, and money.'" Meterlogic, 185 F. Supp. 2d at 1301 (quoting Continental Grain, 364 U.S. at 26). The court noted that the issues in the lawsuit were identical to those in the Missouri action. Thus, "why allow two courts to decide similar issues when one court can decide these issues more efficiently?" Id. at 1303; see also Continental Grain, 364 U.S. at 26 (where plaintiff sued defendant in Tennessee and defendant subsequently filed separate action in Louisiana, court transferred Louisiana case to Tennessee, noting that "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent."). Further, the court noted that transfer would not significantly delay the case because "discovery obtained in [the Florida] action [could] be used in the Missouri litigation." Id. at 1303.

Here, unlike in Meterlogic, the Defendant has filed a motion for summary judgment. Indeed, the Defendant argues that transferring this case would result in significant delay and duplicative litigation in Massachusetts. As in Meterlogic, however, the Plaintiff has agreed to allow any evidence discovered in this action to be introduced in the Massachusetts Action. Nevertheless, certain discovery efforts may be duplicated should this case be consolidated with the Massachusetts Action. To allow both cases to continue simultaneously, however, would *ensure* significant duplication of efforts. Indeed, this lawsuit and the Massachusetts Action involve identical issues. Regardless of the outcome of the Defendant's summary judgment motion, the Massachusetts Action would continue against Woodside, 89 Degrees, and Hussey. That litigation would necessarily overlap significantly with this action. Further, the additional claims against Jones asserted in the Massachusetts Action would also remain. Indeed, Jones might not enjoy the use of evidence discovered during this litigation, further duplicating discovery efforts. Given the nearly identical issues involved in this lawsuit and the Massachusetts Action, "trying this case in two separate district courts would 'lead to the wastefulness of time, energy, and money.'" Meterlogic, 185 F. Supp. 2d at 1301 (quoting Continental Grain, 364 U.S. at 26).

Nevertheless, the Defendant contends that EMG's motion should be denied because EMG delayed filing its motion to transfer. "The Court does not regard delay

as a controlling factor on a motion to transfer, but only one of many factors which the Court may evaluate." Poncy v. Johnson and Johnson, 414 F. Supp. 551, 557 (S.D. Fla. 1976). Although EMG could have filed its motion immediately after the Court dismissed Woodside and 89 Degrees, in certain cases "some time will be required to refine the issues in the case by the process of discovery and to identify factors pertinent to transfer." Id. Further, even if the Court declined to transfer this case, Jones, Woodside, and 89 Degrees (which is paying for Jones' defense) would have to defend the Massachusetts Action independently. Although disposition of certain claims against Jones will likely be delayed by a transfer, the Massachusetts Action alleges additional claims against Jones and other defendants. As discussed above, judicial economy favors deciding all these issues in one court having jurisdiction over all the defendants. For these reasons, the case should be transferred to the United States District Court for the District of Massachusetts.[1]

B. The Defendant's Motion for Summary Judgment

Having granted the Plaintiff's Motion to Transfer, the Defendant's Motion for Summary Judgment is denied without prejudice as moot.

---

[1] Having granted the Plaintiff's Motion to Transfer, the Plaintiff's Motion to Dismiss is denied as moot.

## IV. Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART the Plaintiff's Motion to Transfer or, in the Alternative, to Dismiss Without Prejudice [Doc. 66]. The Court DENIES as moot the Defendant's Motion for Summary Judgment [Doc. 57]. The Clerk is directed to transfer this case to the United States District Court for the District of Massachusetts.

SO ORDERED, this 15 day of December, 2011.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge